Randal J. French
Jared C. Hoskins
BAUER & FRENCH
1501 Tyrell Lane
Post Office Box 2730
Boise, Idaho 83701-2730
Telephone (208) 383-0090
Facsimile 383-0412
E-Mail jhoskins@bauerandfrench.com
  ISB No. 7953

Attorneys for Debtor

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | ) |
| | ) Bkr. Case No. 07-01104-TLM |
| URWIN, MICHEAL, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |

### MOTION SEEKING CONTEMPT CITATION FOR
### VIOLATION OF THE DISCHARGE INJUNCTION

COMES NOW the Debtor, Micheal Urwin, by and through his counsel of record,

Jared C. Hoskins of the firm of Bauer & French, and submits this Motion Seeking to Hold in

Contempt a Certain Creditor for Violation of the Discharge Injunction, created by 11 U.S.C.

Section 524 and by this Court's Order of Discharge. That creditor is Kristen R. Thompson and

KRT, LLC dba Thompson Law Firm.

The discharge injunction, provided by 11 U.S.C. § 524 "operates as an injunction against

the commencement or continuation of an action . . . to collect, recover or offset any [discharged]

debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). When a creditor knowingly

violates the discharge injunction, that creditor can be held in contempt pursuant to 11 U.S.C.

§ 105(a). *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006). The Ninth Circuit has held that,

to show a violation of the discharge injunction, the moving party must show by clear and

MOTION SEEKING CONTEMPT CITATION FOR VIOLATION OF THE DISCHARGE
INJUNCTION, p. 1

convincing evidence that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction. *Id.*

For purposes of this motion, both KRT, LLC dba Thompson Law Firm, and Kristen R. Thompson have engaged in the wrongful acts identified herein. This Court should impose joint and several liability on each.

Thompson Law Firm (hereinafter "Thompson") represented certain corporations owned in part by Debtor in various law suits. Debtor filed a chapter 7 bankruptcy petition on July 16, 2007. Debtor obtained a discharge on October 24, 2007.

Thompson had actual knowledge of the Debtor's bankruptcy and discharge. First, the state court found that Thompson received a Notice of Commencement and Order of Discharge on January 10, 2008. See Exhibit A attached hereto. Second, Thompson met with the Debtor's Chapter 7 Trustee in in January of 2008 to discuss the pending bankruptcy. Third, Debtor's attorney sent a letter via facsimile to Thompson on February 4, 2008 discussing the assets of the Debtor's bankruptcy estate. This correspondence was received by Thompson as confirmed by the facsimile transmittal sheet. See Exhibit B attached hereto.

Eventually, the relationship between Debtor and Thompson soured and the representation ceased. Following the entry of his discharge, the Debtor became aware that Thompson was attempting to obtain a judgment against him in state court. Thompson file a complaint against the Debtor on January 15, 2009. Subsequently, Thompson filed a Motion for Summary Judgment on April 22, 2009. On May 18, 2009, Thompson requested trial setting and a trial witness list.

On June 25, 2009, the Court held a hearing on Thompson's Motion for Summary Judgment. On July 7, 2009, Thompson wrote a letter to the judge assigned to the case requesting the Court to rule on the Motion for Summary Judgment. See Exhibit C attached hereto. The Court entered an Order Granting the Motion for Summary Judgment, as well as an Order and Judgment against the Debtor, on July 23, 2009. See Exhibits A and D. By pursuing litigation

against the Debtor and by ultimately obtaining a judgment, Thompson employed process and commenced an action to collect a debt. By filing various pleadings, appearing at hearings, and writing letters to the state court, Thompson engaged in intentional conduct, thus satisfying one of the two necessary elements required by *Zilog*.

In his Answer to Thompson's Complaint, the Debtor asserted the bankruptcy discharge as an affirmative defense to Thompson's claim and included a copy of the bankruptcy discharge. See Exhibit E attached hereto. In a letter dated June 29, 2009, the Debtor's wife reminded Thompson of the Debtor's bankruptcy discharge. See Exhibit F attached hereto. In a letter to the Debtor dated July 7, 2009, Thompson acknowledged the existence of a bankruptcy discharge and receipt of documentation of such while contending that the discharge is invalid and that the documentation is unauthentic. See Exhibit G attached hereto. In view of Thompson's direct involvement with the chapter 7 trustee, and receipt of the bankruptcy notices, Thompson had actual notice of the Debtor's bankruptcy and the discharge injunction that accompanied it, satisfying the second necessary element required by *Zilog*. Thompson, therefore, is in violation of § 524(a) and should be held in civil contempt pursuant to § 105(a).

In the letter to the judge dated July 7, 2009, Thompson claims that the Debtor's bankruptcy discharge only discharged corporate debts personally guaranteed by the Debtor, not his personal debts. Exhibit C. Furthermore, in the letter to the Debtor dated July 7, 2009, Thompson claims that the discharge is invalid and even fraudulent. Exhibit G. Also, in a letter dated August 20, 2009, Thompson acknowledged that she reviewed Debtor's bankruptcy case on PACER and talked with the Judge's clerk about the case, while claiming that because her claim was not included in the mailing matrix the debt is not discharged. See Exhibit H attached hereto. Thompson's claims, of course, are without merit.

Here, the Debtor's bankruptcy is a no asset, no bar date Chapter 7 case. The Trustee's Report of No Distribution was filed on March 31, 2008. In such Chapter 7 cases, dischargeability is unaffected by scheduling. *Beezley v. California Land Title Company (In re*

MOTION SEEKING CONTEMPT CITATION FOR VIOLATION OF THE DISCHARGE INJUNCTION, p. 3

Mtn for Sanctions for Vio of Discharge Injunction.wpd\jch\091409

*Beezley*), 994 F.2d 1433, 1433 (9th Cir. 1993). Thus, whether or not Thompson was scheduled as a creditor or was included on the mailing matrix is irrelevant. Furthermore, whether or not Thompson believed the discharge was valid, or that it does not apply for some reason, is of no consequence in determining the propriety of contempt sanctions. *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1205 (9th Cir. 2008). "A creditor is not free to violate the discharge injunction because it has doubts as to the validity of the discharge." *Id.* Alternatively, knowledge of a discharge injunction can be inferred from the fact that a creditor knew of the bankruptcy. *In re Zilog, Inc.*, 450 F.3d at 1008.

The Ninth Circuit Court of Appeals has made clear that this Court can award sanctions associated with civil contempt such as compensatory damages, attorney fees and the offending creditor's compliance for violation of the discharge injunction. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002). This contempt remedy, which provides for an award of compensatory damages, includes compensation for emotional distress suffered by a debtor as a result of a creditor's violation of the discharge injunction. *In re Feldmeier*, 335 B.R. 807, 814 (Bankr. D.Or. 2005) (noting that, although the Ninth Circuit has not ruled on the availability of damages for emotional distress as compensatory damages for violation of the discharge injunction, the Court's analysis of the availability of damages for emotional distress due to violations of the automatic stay is instructive).

Here, the Debtor has actual damages in the time spent defending the state court complaint and the time spent in pursuing this Motion, attorney fees, and the emotional distress of facing a judgment for $78,288.39, after having faced the loss of his business and enduring a chapter 7 bankruptcy. Moreover, Thompson's approach has been threatening, vituperative, and vindictive, leading to additional emotional distress on the part of the Debtor.

The language of § 105(a) authorizes any remedy "necessary" to enforce the bankruptcy code. *In Re Dyer*, 322 F.3d at 1193. As such, this Court may also impose fines of a magnitude that does not constitute a serious criminal sanction. *E.g. International Union, United Mine*

*Workers of America v. Bagwell*, 512 U.S. 821, 838, at n. 5, 114 S.Ct. 2552 (1994)("The Court to date has not specified what magnitude of contempt fine may constitute a serious criminal sanction, although it has held that a fine of $10,000 imposed on a union was insufficient to trigger the Sixth Amendment right to jury trial. See *Muniz v. Hoffman*, 422 U.S. 454, 477, 95 S.Ct. 2178, 2190, 45 L.Ed.2d 319 (1975); see also 18 U.S.C. § 1(3) (1982 ed., Supp. V) (defining petty offenses as crimes "the penalty for which ... does not exceed imprisonment for a period of six months or a fine of not more than $5,000 for an individual and $10,000 for a person other than an individual, or both") (repealed 1984)."). The *Dyer* court also stated that "relatively mild noncompensatory fines may be ordered where appropriate." *Id.* at 1194, n. 16 citing *Mark Indus. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir. 1995)(authorizing non-compensatory damages under district court's authority but stating that an appropriate award would be "at most, $5,000") and accompanying text.

Also, imposing a fine which may be purged by court order, say a fine of $100 per day if Thompson fails to purge herself of her contempt, by moving to set aside the judgment and dismissing the Complaint as to this Debtor with prejudice, would be civil in nature because it would allow this creditor to purge her contempt before the fine becomes fixed. *E.g. Hicks v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423; *Bingman v. Ward*, 100 F.3d 653, 656 (9th Cir. 1996).

Also, as noted above, this Court may enter appropriate non-compensatory fines "of a magnitude that does not constitute a serious criminal sanction." *International Union*, 512 U.S. 821, 838 at note 5, *supra*; *Dyer*, 322 F.3d at 1194, note 16. Here, a non-compensatory fine of $5,000 would be necessary and appropriate to fine this creditor for attempting to collect a debt in knowing violation of the discharge injunction. Further, the efforts by Debtor to have this matter resolved without resorting to the filing of this motion supports Debtor's entitlement to this relatively mild, non-compensatory fine. Where a creditor simply refuses to take action to come into compliance with 11 U.S.C. § 524, that creditor should know that it faces an appropriate sanction for its action, or failure to act.

MOTION SEEKING CONTEMPT CITATION FOR VIOLATION OF THE DISCHARGE INJUNCTION, p. 5

Here, the Debtor's compensatory damages would include the attorney fees incurred in Debtor's efforts to obtain the compliance of Thompson. In addition, compensatory damages would include $500.00 for the Debtor's time away from work to meet with counsel to attempt to have this matter resolved, as well as appearing at an appropriate hearing on this matter.

WHEREFORE, Debtor requests that this Court enter an order holding in contempt, in violation of 11 U.S.C. § 524, Kristen R. Thompson and KRT, LLC dba Thompson Law Firm. The Debtor requests that this Court enter an award of compensatory damages in the amount of $500 for the Debtor's time and effort in attempting to resolve this matter, attorney fees to be demonstrated at the conclusion of this matter, costs in the amount of $260 to reopen the bankruptcy, damages for emotional distress in an amount to be demonstrated at the conclusion of this matter, a non-compensatory fine in the amount of $5,000 against them, a civil fine of $100 per day until they take appropriate steps to terminate their litigation against the Debtor, and any other relief that this Court deems proper. This Court should make the liability for any such sanctions joint and several.

RESPECTFULLY SUBMITTED this __14__ day of September, 2009.

BAUER & FRENCH

/s/

Jared C. Hoskins of the firm, Attorney for Debtor

## CERTIFICATION OF SERVICE

I hereby certify that on the ___14___ day of September, 2009, a true and correct copy of the foregoing was served upon:

Kristen R. Thompson                    ☒ First Class Mail
Thompson Law Firm                      ☐ Hand Delivery
78 SW Fifth Ave., Suite 2              ☐ Certified Mail
Meridian, ID 83642-2923               ☐ Facsimile


/s/
Jared C. Hoskins

MOTION SEEKING CONTEMPT CITATION FOR VIOLATION OF THE DISCHARGE INJUNCTION, p. 7

Mtn for Sanctions for Vio of Discharge Injunction.wpd\jch\091409

# EXHIBIT "A"

NO._____

FILED_____ ___
ꜱ.M._____ P.M. ___

JUL 1 3 2009

DAVID NAVARRO, Clerk
By _____
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| THOMPSON LAW FIRM, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  CV-OC-2009-000929 |
| | ) | |
| vs. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | SUMMARY JUDGMENT MOTION |
| MICHAEL URWIN and GLORIA URWIN, | ) | |
| husband and wife, MIKE URWIN | ) | |
| ENTERPRISES, INC., MIKE URWIN | ) | |
| HOMES, and GLORIA URWIN'S REAL | ) | |
| ESTATE, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently before this Court is Plaintiff's Motion for Summary Judgment.  On June 25,

2009, both parties appeared before this Court for oral argument on this matter.  At the conclusion

of that hearing the Court delayed taking this matter under advisement pending a possible

resolution of the matter and the submission of additional materials.  No resolution having been

reached and the Court having received additional materials from both counsel, the Court finds

this matter to be fully submitted and issues the following memorandum, decision, and order.

**STANDARD OF REVIEW**

Summary judgment is proper if "the pleadings, depositions, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). For purposes

OrderGrantingSummaryJudgment 1

of summary judgment, a Court construes the evidence liberally and draws all reasonable inferences in favor of the nonmoving party. *Hei v. Holzer,* 139 Idaho 81, 84-85, 73 P.3d 94, 97-98 (2003).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party, who must then come forward with sufficient evidence to create a genuine issue of material fact. *Id.* A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of that party's pleadings, but the party's response must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). Such evidence may consist of affidavits or depositions, but "the Court will consider only that material which is based upon personal knowledge and which would be admissible at trial." *Harris v. State, Dep't of Health & Welfare,* 123 Idaho 295, 297-98, 847 P.2d 1156, 1158- 59 (1992). "'[A] mere scintilla of evidence or only 'slight doubt as to the facts' is not sufficient to create a genuine issue for purposes of summary judgment." *Samuel v. Hepworth, Nungester& Lezamiz, Inc.,* 134 Idaho 84, 87, 996 P.2d 303, 306 (2000) (quoting *Harpole v. State,* 131 Idaho 437, 439, 958 P.2d 594, 596 (1998)).

## DISCUSSION

Plaintiff, Thomson Law Firm, is a law firm located in Meridian, Idaho. The Defendants are a Mr. and Ms. Urwin, as well as three (3) of their business entities.[1] The Defendants retained Plaintiff's services for matters related to Defendants' home construction and real estate brokerage and development business, as well as in some personal matters.[2] Plaintiff is seeking a judgment

---

[1] The Court notes the inconsistency in the spelling of Defendant Michael Urwin's first name. For purposes of this case the Court will spell Mr. Urwin's name as it appears in the caption filed by the Plaintiff.

[2] The Defendants have introduced no evidence to rebut the fact that they retained the Plaintiff. The Plaintiff has submitted a copy of the Retainer Agreement containing the Defendants' signatures in their capacity as agents of their businesses and as personal guarantors. At most the Defendants have denied this allegation in their pleadings. However, their pleading responses have been inconsistent at best on this point. Accordingly, where this point was not discussed or disputed in summary judgment the Court finds it unnecessary to discuss it herein.

for unpaid fees and costs resulting from services rendered pursuant to a Retainer Agreement between Plaintiff and Defendants, signed December 22, 2005, and again on October 1, 2007. (Plaintiff's Exhibit No. 2 and admitted by Defendant Ms. Urwin at oral argument). The only question before this Court for the purposes of determining this summary judgment motion is whether and to what extent the debt has been discharged in bankruptcy proceedings.

Although the Plaintiff did not dispute that Mr. Urwin was in bankruptcy proceedings, Plaintiff argues that such a fact is only a legitimate defense as applied to Defendant Mr. Urwin, and only after he has provided adequate proof and notice of the discharge. Furthermore, Plaintiff points out that even if Defendant Mr. Urwin's discharge is valid, the remaining Defendants are not included in that bankruptcy proceeding and have not been released of their debts under the Retainer Agreement. Although Defendant Ms. Urwin has stated that she is currently involved in personal bankruptcy proceedings, no proof of this has been provided.

The Defendants now provide this Court with three unauthenticated pages which appear to be related to Mr. Urwin's bankruptcy proceedings. However, no evidence has been presented as to any bankruptcy proceedings involving the debts of Ms. Urwin or any of the Defendant businesses. Accordingly, the Defendants have failed to show any material issue of fact regarding the debt obligations of the following Defendants: Gloria Urwin, Mike Urwin Enterprises, Inc., Mike Urwin Homes, and Gloria Urwin's Real Estate, Inc.. Therefore, summary judgment will be granted as to these Defendants.

As to the remaining Defendant, Mr. Urwin, Plaintiff claims that the information provided is insufficient to create an issue of material fact because she received the notice of the creditor's meeting after the creditor's meeting had taken place and the discharge of the debt was related to his personal guarantee of the business's debt only and not for the debts incurred by him personally. In response, Defendant Ms. Urwin alleges that the Plaintiff altered the document

(Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines) so that it would appear that the Plaintiff received the document in an untimely fashion. The Defendant alleges that the Plaintiff altered the year of the document to make it appear untimely, by changing the "2007" to a "2008." The Court notes that while it does appear that the year the document was received by Thompson Law Firm was hand-written over the stamped date, the change does not appear to be fraudulent. The Defendant alleges that the Plaintiff actually received the document on January 10, 2007. This would be impossible, as the document was generated on July 16, 2007, more than six months later. Therefore, the Court finds there is no genuine issue as to the date on which the Plaintiff received the Notice.

However, any quarreling about notice and dates is of no consequence to this decision. The issue of whether this debt obligation has been effectively discharged by the bankruptcy proceedings has not been proven as a genuine issue of material fact. The Court may only consider material which is based upon personal knowledge and which would be admissible at trial. *Harris v. State, Dep't of Health & Welfare,* supra. The Defendant has attempted to submit three (3) miscellaneous pages related to Mr. Urwin's bankruptcy. These documents appear to be unauthenticated as is required for their admissibility under the Idaho Rules of Evidence. See I.R.E. 902, 1005. For this reason, the Court finds the Defendants have created no more than a slight doubt as to the existence of a material fact. Where the Defendant has failed to present evidence which would raise a genuine issue of material fact as to whether Defendant Mr. Urwin's debt has been released in bankruptcy, the Court finds summary judgment must be granted against Defendant Mr. Urwin along with all other Defendants.

## CONCLUSION

In accordance with the reasoning set forth above, Plaintiff's Motion for Summary

Judgment is hereby GRANTED.

IT IS SO ORDERED AND DATED this *13th* day of July, 2009.

MIKE WETHERELL
District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of July 2009, I caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

Kristen R. Thompson
Thompson Law Firm
78 SW Fifth Avenue
Suite 2
Meridian, Idaho 83642
208-888-7296 fax

___✗___ U.S. Mail, postage prepaid
___✗___ Hand Delivery
_____ Overnight Delivery
_____ Facsimile Transmission

Mike & Gloria Urwin
Mike Urwin Enterprises, Inc.,
Mike Urwin Homes,
Gloria Urwin Real Estate, Inc.
PO Box 186
Kuna, Idaho 83634

___✗___ U.S. Mail, postage prepaid
_____ Hand Delivery
_____ Overnight Delivery
_____ Facsimile Transmission

_deputy_ _Dean Oster_ Clerk of the Court

ORDER AND JUDGMENT – Page 3

# EXHIBIT "B"

00008

February 4, 2008

Randal J. French
rfrench@bauerandfrench.com

Kristen R. Thompson
Thompson Law Firm
55 SW 5th Ave Ste 150
Meridian, ID 83642-8638
 Via fax: 888-7296

RE:  Sadie Creek Marketing Group LLC v. Redcliff Development *et al*
Case No. CV OC 0701956
Debut Homes Inc. *et al* v. Redcliff Development *et al*
Case No. CV OC 0711769
Mike Urwin Enterprises Inc. *et al* v. Beverly Bayan *et al*
Case No. CV 07-1722
Mike Urwin Enterprises Inc. *et al* v. Mark Holder *et al*
Case No. CV 07-1723
Mike Urwin Enterprises Inc. *et al* v. Alvin Smith *et al*
Case No. CV 07-1719
Mike Urwin Enterprises Inc. *et al* v. Michael Tantilla
Case No. CV 07-1721
Mike Urwin Enterprises Inc. *et al* v. Michael Wampler
Case No. CV 07-1714
Mike Urwin Enterprises Inc. *et al* v. Karen McCreery *et al*
Case No. CV 07-5907
Reddington Enterprises, Inc. v. Mike Urwin Enterprises Inc. *et al*
Case No. CV 07-513, CV 07-5134, CV 07-5135, CV 07-5137

Dear Kris:

Gloria Urwin provided to me copies of the pleadings, or, with respect to the last set of
cases, your memorandum in support of motion to consolidate case. I have reviewed each
of those matters filed. I assume that there are no other litigations that you are pursuing
for either Mike Urwin Enterprises, Inc., Gloria Urwin Real Estate, Inc., or
Micheal Urwin, personally.

From my review of the materials that have been provided to me, it appears that
Micheal Urwin is not, personally, a party to any of these cases. It appears that
Micheal Urwin is not personally seeking any remedy in any of these cases. It also does

# BAUER & FRENCH

### ATTORNEYS AT LAW

*1501 Tyrell Ln.* ♦ *P.O. Box 2730* ♦ *Boise, Idaho 83701-2730*
*(208) 383-0090* ♦ *Fax: (208) 383-0412*

Kristen R. Thompson
Thompson Law Firm
February 4, 2008
Page 2

not appear that any of the opposing parties are seeking any award of damages against
Micheal Urwin personally.

If you agree that, in each case, the party in interest is Mike Urwin Enterprises, Inc., or
Gloria Urwin Real Estate, please let me know. The assumed business name of
"Mike Urwin Homes" is an assumed business name for Mike Urwin Enterprises, Inc.
Therefore, that does not make Mike Urwin, individually, a party to any of these
litigations.

On that basis, I can assure you that the bankruptcy estate does not own any of the causes
of action for or against Mike Urwin Enterprises Inc. or Gloria Urwin Real Estate Inc.
These causes of action are not assets of the bankruptcy estate. That is because each
corporation is a separate legal person. Each corporation is distinct from Micheal Urwin,
as an individual.

Mike Urwin has filed a bankruptcy. Any assets which he owns directly are part of his
bankruptcy estate. These causes of action are not causes of action owned by Mike Urwin
directly.

Under these circumstances, there is no stay under 11 U.S.C. § 362(a) of any action by or
against these corporations to address claims against the corporations, or causes of action
which each corporation holds. The trustee does not have the ownership of these causes of
action.

In my view, you are fully authorized to proceed in these litigations without any approval
of the bankruptcy court.

Please let me know if you have any other questions or concerns. I will be communicating
directly with the trustee concerning all of these matters. I do not anticipate that the
trustee will take any different position.

00010

Kristen R. Thompson
Thompson Law Firm
February 4, 2008
Page 3


Thank you very much.

Sincerely,

BAUER & FRENCH

Randal J. French


RJF/nrg
cc Micheal Urwin

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 02/04/2008 16:12
                                    NAME  : BAUER & FRENCH
                                    FAX   : 2083830412
                                    TEL   : 2083830090
                                    SER.# : BROG4J730105
```

```
   DATE,TIME           02/04  16:12
   FAX NO./NAME        8887296
   DURATION            00:00:38
   PAGE(S)             05
   RESULT              OK
   MODE                STANDARD
                       ECM
```

February 4, 2008

*Randal J. French*
*rfrench@bauerandfrench.com*

Kristen R. Thompson
Thompson Law Firm
55 SW 5th Ave Ste 150
Meridian, ID 83642-8638
        Via fax: 888-7296

RE:     Sadie Creek Marketing Group LLC v. Redcliff Development *et al*
        Case No. CV OC 0701956
        Debut Homes Inc. *et al* v. Redcliff Development *et al*
        Case No. CV OC 0711769
        Mike Urwin Enterprises Inc. *et al* v. Beverly Bayan *et al*
        Case No. CV 07-1722
        Mike Urwin Enterprises Inc. *et al* v. Mark Holder *et al*
        Case No. CV 07-1723
        Mike Urwin Enterprises Inc. *et al* v. Alvin Smith *et al*
        Case No. CV 07-1719
        Mike Urwin Enterprises Inc. *et al* v. Michael Tantilla
        Case No. CV 07-1721
        Mike Urwin Enterprises Inc. *et al* v. Michael Wampler
        Case No. CV 07-1714
        Mike Urwin Enterprises Inc. *et al* v. Karen McCreery *et al*
        Case No. CV 07-5907
        Reddington Enterprises, Inc. v. Mike Urwin Enterprises Inc. *et al*
        Case No. CV 07-513, CV 07-5134, CV 07-5135, CV 07-5137

00012

# EXHIBIT "C"

00013

# THOMPSON LAW FIRM
### ATTORNEYS AND COUNSELORS AT LAW
78 SW Fifth Avenue, Suite 2
Meridian, Idaho 83642-2923

Telephone: (208) 888-7278
Facsimile: (208) 888-7296
E-mail: TLFoffice@aol.com

July 7, 2009

Judge Michael E. Wetherell
Ada County Courthouse
200 W. Front Street
Boise, ID 83702-7300

     Re:    Thompson Law Firm v. Michael Urwin, et al
            Case CV OC 0900929

Dear Judge:

     Consistent with your ruling from the bench on my Motion for Summary Judgment, I am writing to up-date you as to the status of our settlement negotiations in the above referenced matter. It appears that my former clients, Michael and Gloria Urwin and their corporate entities, Mike Urwin Enterprises and Gloria Urwin Real Estate have chosen not to accept my settlement offer in the matter significantly discounting the amount due and owed on their accounts. I have advised them on several occasions that I would be seeking attorney's fees and costs under the provisions of Idaho Code 12-120(3) which allows for these fees and costs in this type of a transaction. Therefore, I would request that the court rule on our Motion for Summary Judgment along with fees and costs and provide us with your opinion and order.

     I have also written to Mr. and Mrs. Urwin (copy enclosed) and advised them that I have received only limited documentation (three (3) miscellaneous unauthenticated pages) from them regarding the alleged discharge in bankruptcy of debt to Michael Urwin but only as to a personal guarantee on his corporate debt to our law firm. We have received nothing from their bankruptcy counsel.

     These documents have serious problems with filing dates, notification, and dismissal. The alleged date of the creditor's meeting is posted six (6) months before the notice was (if at all) provided. The discharge in bankruptcy as to our firm is only as to Mike Urwin's personal guarantee of a corporate debt, not to him personally. Thus, I have not been provided with any creditable evidence that proper notification was made or that the debt was, in fact discharged. I do not believe the debt was correctly or legally dismissed. Further, and troubling, Mrs. Urwin now threatens bankruptcy in what appears to be an attempt to avoid the pending judgment of this court (correspondence of June 29th enclosed).



COPY

Judge Michael E. Wetherell
Page 2
July 7, 2009

Mr. Urwin simply has not provided me with sufficient substantiating documentation from any valid source to make me believe notice was given and a proper discharge was made. Nor has he, as a defendant in this action, provided the court or the record with *any* documentation to support his position. The court record under which my summary judgment motion must be reviewed is completely devoid of supporting documentation of bankruptcy in any form.

Thus, I believe there is nothing before the court to present any issue of material fact that would defeat summary judgment as to all defendants. All presented information as to the defendants remains the same. As a courtesy to the court I am providing a proposed order for your consideration based upon the pleading and oral argument of the parties held on June 25th.

Consistent with your bench ruling, I assume you will be issuing your decision and order regarding my Motion for Summary Judgment at your convenience. I have copied the defendants on this letter and all appropriate attachments. Thank you for your assistance in this matter.

Sincerely,

Kristen R. Thompson

KRT/rlj

Enclosures

cc:  Michael & Gloria Urwin

# EXHIBIT "D"

NO._____
                    FILED
                    P.M.
A.M._____

**JUL 1 3 2009**

J. DAVID NAVARRO, Clerk
By DIANE M. OATMAN
            DEPUTY

Kristen R. Thompson
**THOMPSON LAW FIRM**
78 SW Fifth Avenue, Suite 2
Meridian, Idaho 83642-2923
Telephone Number: (208) 888-7278
Facsimile Number: (208) 888-7296
I.S.B. #4033

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| THOMPSON LAW FIRM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV OC 0900929 |
| | ) | |
| vs. | ) | ORDER AND JUDGMENT |
| | ) | |
| MICHAEL URWIN and GLORIA URWIN, | ) | |
| husband and wife, MIKE URWIN | ) | |
| ENTERPRISES, INC., MIKE URWIN | ) | |
| HOMES, and GLORIA URWIN'S REAL | ) | |
| ESTATE, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

THIS COURT having heard argument on Plaintiff's Motion for Summary Judgment and

being fully advised,

HEREBY ORDERES that the Defendants, jointly and severally, shall be responsible for

and shall pay to the Plaintiff the sum of $78,288.39 as of July 3, 2009, which represents the debt

owed by the Defendants to the Plaintiff under the terms and conditions o the contract entered into

by the parties. Further, interest shall continue to accrue on the unpaid judgment at the statutory

rate of interest. *of 5.625% per annum until paid in full*

ORDER AND JUDGMENT -- Page 1



THIS COURT also awards, pursuant to Idaho Code § 12-120 (3), attorney's fees and
costs for this action to the Plaintiff, an amount to be approved by the Court.

Dated this ___*15*___ day of July 2009.


                                    **MIKE WETHERELL**
                                    _____
                                    Michael E. Wetherell, District Judge


ORDER AND JUDGMENT – Page 2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the __14__ day of July 2009, I caused to be served a true and

correct copy of the foregoing document, by the method indicated below, and addressed to the

following:

Kristen R. Thompson
Thompson Law Firm
78 SW Fifth Avenue
Suite 2
Meridian, Idaho 83642
208-888-7296 fax

____ U.S. Mail, postage prepaid
____ Hand Delivery
____ Overnight Delivery
____ Facsimile Transmission

Mike & Gloria Urwin
Mike Urwin Enterprises, Inc.,
Mike Urwin Homes,
Gloria Urwin Real Estate, Inc.
PO Box 186
Kuna, Idaho 83634

____ U.S. Mail, postage prepaid
____ Hand Delivery
____ Overnight Delivery
____ Facsimile Transmission

_____
Clerk of the Court

ORDER AND JUDGMENT – Page 3

# EXHIBIT "E"

00020

Gloria Urwin                    2088989439                    p.4

NO._____
A.M._____ FILED _____ P.M.

FEB 1 2 2009

J. DAVID NAVARRO, Clerk
By J. RANDALL
DEPUTY

Gloria Urwin
Full Name of Party Filing This Document
P.O Box 186
Mailing Address (Street or Post Office Box)
Kuna ID 83634
City, State and Zip Code
208 · 895 · 8113
Telephone Number

IN THE DISTRICT COURT OF THE ___Fourth___ JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ___Ada___

Thompson Law Firm
_____,
Plaintiff,

vs.

Micheal Urwin, Gloria Urwin,
Mike Urwin Enterprises Inc., Gloria Urwin
Real Estate Inc. Defendant.

Case No. CV OC 0900929

ANSWER

Fee Category: _____
Filing Fee: $ _____

(Gloria Urwin, Micheal Urwin, husband and wife), Gloria Urwin Real Estate Inc
(your name) Mike Urwin Enterprises In _____, for his/her Answer to the

Summons / Complaint _____, states:

1. I admit the following paragraphs (list each paragraph number):

I, II, III, Agree that Micheal & Gloria were represented in
legal matters, Disagree that Mike Urwin Enterprises are Gloria Urwin
Real Estate hired Thompson Law firm or Kristin Thompson (applies to V, as well.
VII, Furthermore, very little if NOTHING was done for Gloria Urwin Real Estate Inc,

2. I deny the following paragraphs (list each paragraph number):

IV, paid all that was due over $400,000.⁰⁰, and $35,000.⁰⁰ was
included in Ch7 Bankruptcy by Micheal Urwin October 2007, Gloria has
retained Atty and will file Ch 7 Bankruptcy to include any amt Thompson Law
firm is claiming.   III, V (above), / VI, Thompson Law Firm has been
overpaid, VIII.

ANSWER
CAO Cv 3-2                                          PAGE 1

00021

3.    I deny the following paragraphs because I do not have enough information to admit or

deny them (list each paragraph number): _____

_____

_____

4. ☒ I deny the portion of paragraph _____III_____, that states: _the Defendants_

_hired Kristen R. Thompson of Thompson Law Firm to represent them_

_in numerous business matters as well as several cases in Idaho._

_Agreement was with Micheal & Gloria Urwin, as individuals not corporation (s)_
and I admit the remaining portion of that

paragraph.

5. ☒ I deny the portion of paragraph ____V_____, that states: _On Two_

_Seperate occassions Defendants signed a Retainer Agreement with_

_the Plaintiff indicating that they would pay their attorney fees & costs._

_Agreement was personal not Corporation_  and I admit the remaining portion of that

paragraph.

6. I deny everything I did not admit.

7. ☒ I want the Complaint dismissed.

### AFFIRMATIVE DEFENSE(S)

(State each affirmative defense that applies in a separate paragraph - see I.R.C.P. 8(2))

_Misrepresentation, Negligence, Failure of Consideration,_
_Foreclosures, Bankruptcies, Financial Damage, Intentional_
_Injury, Inflamatory Billing_
_____

*VIII, see exhibit 'A', exhibit "B", exhibit 'C', (schedule B*
*Showing debt was included in ch 7 BK and I will include any*
*balance claimed on my Ch7 bankruptcy which will be filed anyday.*

VERIFICATION: I swear I have read this Answer and state that all facts included are true.

WHEREFORE, I ask the Court to enter the orders requested above.

DATE _____, 20___.

_____
Signature

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20___.

_____
Notary Public for Idaho
Residing at: _____
My Commission expires: _____

### CERTIFICATE OF SERVICE

I certify I served a copy to: (name all parties or their attorneys in the case, other than yourself)

Kristen R. Thompson
Thompson Law Firm
(Name)
78 SW 5th Ave, STE 2
(Street or Post Office Address)
Meridian, ID 83642-3923
(City, State, and Zip Code)

☑ By Mail

☐ By fax

☐ By personal delivery

_____
(Name)
_____
(Street or Post Office Address)
_____
(City, State, and Zip Code)

☐ By Mail

☐ By fax

☐ By personal delivery

Date: _____

_____
Signature

_____
Typed/printed Name of Party Signing

ANSWER
CAO Cv 3-2

PAGE 3

00023

12:01 PM

01/28/08

Accrual Basis

## Mike Urwin Homes

## Find Report

### All Transactions

| Date | Num | Name | Amount | Balance |
|------|-----|------|--------|---------|
| 9/5/2007 | 6771 | Thompson Law Firm | -10,000.00 | -10,000.00 |
| 7/10/2007 | 6708 | Thompson Law Firm | -18,382.63 | -28,382.63 |
| 6/5/2007 | 6672 | Thompson Law Firm | -15,026.40 | -43,409.03 |
| 5/9/2007 | 6642 | Thompson Law Firm | -17,279.71 | -60,688.74 |
| 4/13/2007 | 6606 | Thompson Law Firm | -10,398.82 | -71,087.56 |
| 3/20/2007 | 6581 | Thompson Law Firm | -9,478.78 | -80,566.34 |
| 2/15/2007 | 6547 | Thompson Law Firm | -8,389.95 | -88,956.29 |
| 2/12/2007 | 6543 | Thompson Law Firm | -725.00 | -89,681.29 |
| 1/10/2007 | 6493 | Thompson Law Firm | -3,439.39 | -93,120.68 |
| 12/12/2006 | 6431 | Thompson Law Firm | 0.00 | -93,120.68 |
| 11/13/2006 | 6365 | Thompson Law Firm | -751.97 | -93,872.65 |
| 8/3/2006 | 6132 | Thompson Law Firm | -382.83 | -94,255.48 |
| 6/14/2006 | 6057 | Thompson Law Firm | -1,809.07 | -96,064.55 |
| 12/22/2005 | 5674 | Thompson Law Firm | -4,000.00 | -100,064.55 |
| **Total** | | | **-100,064.55** | **-100,064.55** |

00024

# WHITE PETERSON

## ATTORNEYS AT LAW

TIMOTHY S. CALLISTER
KEVIN E. DINIUS
JULIE KLEIN FISCHER
WM. F. GIGRAY, III
MATTHEW A. JOHNSON
WILLIAM A. MORROW
WILLIAM F. NICHOLS *

WHITE PETERSON, P.A.
CANYON PARK AT THE IDAHO CENTER
5700 E. FRANKLIN RD., SUITE 200
NAMPA, IDAHO 83687-7901
TEL  (208) 466-9272
FAX (208) 466-4405
EMAIL: jkf@whitepeterson.com

CHRISTOPHER S. NYE
PHILIP A. PETERSON
TODD A. ROSSMAN
SHELLI D. STEWART
TERRENCE R. WHITE **
DENNIS P. WILKINSON

*    Also admitted in OR
**   Also admitted in WA

March 18, 2008

<u>VIA FACSIMILE and EMAIL  888-7296</u>

Kristin Thompson
Thompson Law Firm
55 SW Fifth Ave., Suite 150
Meridian, ID 83642

     *Re:    Mike and Gloria Urwin / Thompson Lien*

Dear Ms. Thompson:

     As you know, Mike and Gloria Urwin are attempting to close on several properties in Canyon County, Idaho. The closings were to occur at the end of last week, but have been delayed due to "charging liens" you have filed for attorneys fees.  Although your liens (recorded February 8, 2008) state the amount due on the date of recording is $349.85, you have advised the closing agent you require $6,000 in order to release the liens.

     While I did receive your email yesterday explaining you simply want to be paid,  I can find no authority that authorizes your liens against the real property.  Idaho Code 3-205 allows an attorney lien to attach to a client's *cause of action, verdict, or judgment*.  It does not authorize liens against the client's real property, even where the real property is the subject matter of the litigation.

     What you appear to have recorded are  non-consensual liens as defined by Idaho Code 45-1701(3).    Again, however, we aware of no basis or authority for you to encumber the real property.  Accordingly, we are requesting that you release all liens recorded against the properties by noon on Wednesday March 19th so that the pending transactions can close.

     If you refuse to release your liens, the Urwins will have no choice but obtain an order to show cause regarding the validity of your liens.  *See* Idaho Code 45-1703.  If the Urwins are required to initiate an action to avoid your liens,  they will be entitled to the greater of $5,000 or actual damages, as well as attorney's fees. *See* Idaho Code 45-1705.

     The last thing the Urwins need is another lawsuit and we hope you will cooperate. However, with the sales already delayed, there is no other option for them.

March 18, 2008
Page two

If I have missed something and you have authority for your actions, please advise me immediately so we can discuss this matter.

Thank you for your prompt attention to this matter.

Sincerely,

WHITE PETERSON, P.A.

Julie Klein Fischer

JKF/cg

cc:      Client

Litigation Guarantee (Rev. 6-92)
Guarantee Form No. 1

Guarantee No.: **4109-1224083**
Page No.: 8

Paragraph Number:        Schedule B, Exception # 20

Lien Claimant:        ALLOWAY ELECTRIC CO., INC.

Mailing Address:        502 E. 45TH, GARDEN CITY, ID 83714

Paragraph Number:        Schedule B, Exception # 21

Lien Claimant:        ELECTRICAL WHOLESALE SUPPLY CO., INC.

Mailing Address:        P.O. BOX 5066, IDAHO FALLS, ID 83405

Paragraph Number:        Schedule B, Exception # 23

Lien Claimant:        KRISTEN R. THOMPSON, ESQ., THOMPSON LAW FIRM

Mailing Address:        55 SW 5TH AVENUE, SUITE 150, MERIDIAN, IDAHO 83642

*First American Title*

Litigation Guarantee (Rev. 6-92)
Guarantee Form No. 1

Guarantee No.: 4109-1224083
Page No.: 6

23.    Lien for Attorney's Fees in favor of Kristen R. Thompson, Esq., Thompson Law Firm

| | |
|---|---|
| Against: | Mike Urwin Enterprises, Inc., and Gloria Urwin Real Estate, Inc. |
| Amount: | $35,946.79 |
| Recorded: | February 27, 2008 |
| Recording Information: | 108022104 and 108022105 |
| Affects: | Entire Subdivision EXCEPT Lots 1-4 in Block 1 |

NOTE:  Should you have any questions regarding items referred to herein, or need copies of documents, please contact **Barbara Ford**, Title Officer, of **First American Title and Escrow Company** at  9465 W Emerald St, Ste 260, Boise, **ID 83704**, or call (208)375-0700.

00028

# EXHIBIT "F"

00029

June 29, 2009

Kristen Thompson
Thompson Law Firm
55 SW 5th Ave, Ste#150
Meridian  ID 83642

RE: CS# CV OC 0900929

Kris,

Pursuant to the hearing we had on Friday June 26th 2009 in front of Judge
Wetherell, and his request that I provide you with a copy of Micheal's Bankruptcy
information (which you claimed under oath to have no knowledge of) enclosed you will
find copies of the Bankruptcy notice, discharge and copy of schedule F showing your
firm listed.  Please note: the Bankruptcy notice, "is a copy sent to your office and
stamped by your staff".
I suspect that there will be a withdrawal filed by you as soon as possible, as pursuing the
complaint the in the matter of which you have, is a "clear" violation of the U.S
Bankruptcy Code.
Also, I have never received any written offers to settle as you mentioned in court, and
even if I did, I would have rejected it, because of the financial hardship we continue to
endure which in our opinion was largely contributed by you.
I am also informing you once again, that I am filing bankruptcy and you will receive
notice of my bankruptcy filing with-in a week from the date of this letter.


Sincerely,

Gloria Urwin

Enclosures: Micheal Urwin's, Notice of BKR, Discharge and copy of Schedule F,
showing Thompson Law firm included in BKR.

# EXHIBIT "G"

00031

# THOMPSON LAW FIRM

### ATTORNEYS AND COUNSELORS AT LAW
78 SW Fifth Avenue, Suite 2
Meridian, Idaho 83642-2923

Telephone: (208) 888-7278
Facsimile: (208) 888-7296
E-mail: TLFoffice@aol.com

July 7, 2009

Michael & Gloria Urwin
PO Box 186
Kuna, ID 83634

    Re:    Summary Judgment and Invoices

Dear Mike & Gloria:

    I again write to you to confirm what appears to be your intention not to accept our proposed settlement offer. The expiration of the settlement offer of July 3, 2009 has now passed. Since you are maintaining you have never received this settlement offer, I sent you, in my previous letter, an additional copy along with the computer generated delivery confirmation showing the letter was delivered to your post office box on June 23rd. The total amount due and owing is now $78,288.39. I have written to Judge Wetherell advising him that you have not accepted our proposed settlement offer of $75,000 and request that he provide us with his judgment and order on our summary judgment as well as our request for fees and costs. As you know, and as I advised you previously, under Idaho Code 12-120(3) I have asked for all related fees and costs for having to bring the lawsuit to seek payment on your debt.

    This letter also confirms that I have received very limited information from you regarding the alleged discharge of debt owing in Mike's bankruptcy. I have reviewed the dates on these documents and they in no way support your position. Further, they raise grave concerns as to the correctness of the bankruptcy as a whole. Since I received only three (3) pages from you with no comprehensible information on the actual filing or notification to the firm, I will only be providing the court with notice of what you sent to me. As you know, the notification you sent to me (and provided to me before) did not contain any notice of your intent to discharge debt to the firm and was received (if at all) some six (6) months after the meeting of creditors. Without proper notification and opportunity to participate in the process, the discharge is invalid and may be fraudulent.

Gloria Urwin                    2088989439                    P.13

Michael & Gloria Urwin
Page 2
July 7, 2009

    Please note, after further legal consideration and review of the documents you provided I will <u>not</u> be dismissing any parties from the lawsuit pending against you.

Sincerely,

Kristen R. Thompson

KRT/rlj

cc:   Judge Michael E. Wetherell

00033

# EXHIBIT "H"

RECEIVED
AUG 2 1 2009
BY:-----------------

# THOMPSON LAW FIRM

### ATTORNEYS AND COUNSELORS AT LAW

78 SW Fifth Avenue, Suite 2
Meridian, Idaho 83642-2923

Telephone: (208) 888-7278
Facsimile: (208) 888-7296
E-mail: TLFoffice@aol.com

August 20, 2009

Randal J. French
Bauer & French
PO Box 2730
Boise, ID 83701

Re:    Your correspondence of August 11, 2009 / Michael Urwin

Dear Mr. French:

I am in receipt of your letter of August 11, 2009. You and I have been exchanging telephone calls. This is my response to your request for payment to Mr. Urwin. First, I was never named in his bankruptcy. My firm appears nowhere in his bankruptcy, on Schedule F, or any other schedule filed by your firm. There is no mailing label for my firm filed with the court. I have spoken with Judge Myers' clerk and reviewed all information on PACER. I find there is no indication of our claim or of any discharge of a claim ever occurring. Therefore, your troubling letter is in error. I intend to exercise all of my legal rights to collect what is owed from your client. I assume that this closes the matter unless you have other information which you care to provide to me.

Sincerely,

Kristen R. Thompson

KRT/rlj

00035